SANDROCK,
*Appellant,*
*v.*
CITY OF CORVALLIS et al,
*Respondents.*

(No. 37809, CA A22002)

648 P2d 382

Ralph W. G. Wyckoff, Salem, argued the cause and filed the briefs for appellant.

Robert E. Franz, Jr., Eugene, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action to recover damages for slander. Plaintiff appeals from a judgment entered after the trial court granted defendants' motion for a directed verdict.

Defendant Hockema is a captain in the Corvallis police force. At the time in question, he was in charge of the detective division but was in the process of being transferred to the patrol division. At a briefing meeting in February, 1980, he informed several police detectives that he had heard that plaintiff had been stopped for shoplifting in a local store and that, because she was the wife of the Benton County District Attorney, she was not arrested but had signed an agreement never to enter certain stores again. The parties agree that the statements about plaintiff were false.

The trial court granted defendants' motion for a directed verdict, both because it found that the statements were made by a public officer within the scope of his employment and, therefore, absolutely privileged and because defendant Hockema's statements were made in the performance of a discretionary function for which defendants were immune. ORS 30.265(3)(c).[1]

Plaintiff contends that under *Shearer v. Lambert,* 274 Or 449, 547 P2d 98 (1976), the statements were not privileged, because they were not published in the performance of his official duties. Plaintiff argues that Hockema had no duty to inform the officers present at the briefing about suspected shoplifters, because no one present was a member of the patrol division, which regularly handled shoplifting arrests, or had a duty assignment related to shoplifting at that time. In *Shearer,* the Supreme Court held that, when a public officer makes defammatory statements to persons to whom he has no official duty or authority to impart such information, the statements are not privileged. 274 Or at 455.

■ Defendants contend that, because her complaint alleged that the statements were made by Hockema in the

---

[1] Because we conclude that the statements were absolutely privileged, we do not address the question of discretionary immunity.

course and scope of his employment, plaintiff has admitted that the statements were made in furtherance of his official duties. This pleading defect, however, leaves plaintiff's complaint merely ambiguous and not fatally defective. It can be construed to mean, as defendants contend, that plaintiff has admitted Hockema's statements were ones he could properly make to those present. In that case, there would be an absolute privilege alleged on the face of the complaint. The complaint can, however, also be construed to mean merely that Hockema was on duty as a police officer, leaving the question of whether he was authorized or required by his duties to address those present at the briefing concerning shoplifting matters unresolved by the pleadings. In this posture, the fact that plaintiff failed to plead further that Hockema's statements were not ones he had an official duty to make does not make the allegation a conclusive admission, where evidence on this subject was presented without objection. We therefore look to the entire record to determine whether the evidence as a whole discloses that plaintiff made out a cause of action. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 219, 493 P2d 138 (1972).

■ The evidence reveals that, at the time of the briefing, the police department was undergoing a transition and that Hockema was already working with the patrol division to which he had been transferred. He, therefore, was officially interested in any shoplifting investigation. Furthermore, the divisions of the police department were shown to cooperate with each other in their law enforcement efforts, and any information about criminal activity in the city of Corvallis was relevant to the duties of those officers. We do not accept plaintiff's argument that, because the officers to whom the statements were made were not primarily involved in the prevention of shoplifting, the statements were not privileged. We conclude that Hockema's statements were made as part of the exercise of his official duties and, therefore, absolutely privileged. *Shearer v. Lambert, supra.*

Affirmed.